**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:13-cv-94-RJC**

| | | |
|---|---|---|
| **JOHNATHON EARL TWEED,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ROY COOPER, et al.,** | ) | |
| | ) | |
| **Respondent.[1]** | ) | |
| | ) | |

      **THIS MATTER** is before the Court following expiration of the time given to Petitioner to explain why his 28 U.S.C. § 2254 petition is not time-barred and, if it is time-barred, why equitable tolling should apply. See (Doc. No. 3). For the following reasons, the Court dismisses the § 2254 petition as time-barred.

**I.      BACKGROUND**

      Petitioner is a prisoner of the State of North Carolina who, on February 14, 2011, in Buncombe County Superior Court, pled guilty to statutory rape. Petitioner was sentenced to 166 to 209 months' imprisonment, and Petitioner did not appeal. Petitioner is currently incarcerated at Maury Correctional Institution in Maury, North Carolina. On or around March 14, 2013, Petitioner placed the § 2254 petition in the prison system for mailing, and the petition was stamp-filed in this Court on April 2, 2013. Petitioner alleges the following grounds for relief in his petition: (1) Petitioner received ineffective assistance of counsel at critical stages of crucial pre-trial motions; (2) Petitioner experienced prosecutorial misconduct when the prosecution sought unconstitutional enhancements; (3) the trial court erred when it imposed enhancements to

---

[1]  The proper Respondent in this action is Dennis Daniels, current Administrator of Maury Correctional Institution. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

Petitioner's sentence after the original sentence was imposed; and (4) Petitioner is a "holder in due course and secured party creditor" and the prosecution seized his property "without proof of claim."

## II. STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

Here, as noted, Petitioner was convicted after a guilty plea on February 14, 2011. Because Petitioner pled guilty, his case became final when judgment was entered on February 14, 2011. See N.C. GEN. STAT. § 15A-1444(a1). In the absence of the filing of a motion for appropriate relief that would have tolled the one-year limitations period, the one-year limitations period would then have run for 365 days until February 14, 2012. Petitioner placed the petition in the prison system for mailing on or around March 14, 2013, and the petition was stamp-filed

in this Court on April 2, 2013.  Petitioner has left blank Section 18 of the petition regarding timeliness.  <u>See</u> (Doc. No. 1 at 13).

On April 30, 2013, this Court entered an Order giving Petitioner twenty days in which to submit a memorandum explaining why his petition is timely or, if not, the reasons for why the Court should apply equitable tolling.  <u>See</u> <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002).  On May 22, 2013, Petitioner filed a motion seeking an extension of time in which to respond to the Court's order.  (Doc. No. 4).  The Court granted the motion on June 12, 2013, giving Petitioner an additional thirty days in which to respond.  (Doc. No. 5).  Despite receiving an extension of time, Petitioner has not filed a response.  Thus, because the petition appears, on its face, to be time-barred, and because Petitioner has not shown any grounds for equitable tolling, the petition is dismissed.

### IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2254 petition as time-barred.

**IT IS THEREFORE ORDERED** that:

(1)    The § 2254 petition, (Doc. No. 1), is **DENIED** and **DISMISSED** as time-barred.

(2)    The Clerk is directed to terminate the case.

(3)    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge